# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

NOULN SOUN,                              )
                                         )
      Petitioner,                 )
                                         )  CIVIL ACTION NO. 09-0261-WS-M
v.                                       )
                                         )  CRIM. ACTION NO. 07-0298-WS-M
UNITED STATES OF AMERICA,                )
                                         )
 Respondent.                             )

**ORDER**

      The petitioner has filed a motion to vacate. (Doc. 223). He filed a memorandum in support, the government filed a response, and the petitioner a reply. (Docs. 224, 227, 228). The Magistrate Judge then entered a report and recommendation ("R&R") recommending that the motion be denied and the action be dismissed with judgment in favor of the government. (Doc. 231). When the petitioner failed to file objections, the Court adopted the R&R, denied the motion to vacate, dismissed the action, and entered judgment in favor of the government. (Docs. 232, 233). The Court later granted the petitioner's Rule 60(b) motion. (Docs. 234, 236). The petitioner filed objections to the R&R, (Doc. 242), and the matter is ripe for resolution. After a careful consideration of the file and de novo review of those portions of the R&R to which objection is made, the Court concludes that the R&R is due to be adopted, with the additions set forth below, as the opinion of the Court and that the motion to vacate is due to be denied.

      The motion to vacate is based exclusively on alleged ineffective assistance of counsel. (Doc. 223 at 4; Doc. 224 at 1-2; Doc. 228 at 1-7).[1] The allegations of ineffective assistance are: (1) failure at the Rule 11 hearing to limit the petitioner's

---

[1] The petitioner explicitly withdrew his only other claim . (Doc. 228 at 1, 3, 7).

responsibility to 500 grams of methamphetamine; (2) absence of a factual basis for the plea; (3) failure at sentencing to argue substantial assistance; and (4) failure to properly investigate the case. (Doc. 224 at 2).

### A. Amount of Methamphetamine.

On motion to vacate, the petitioner argued that counsel was ineffective in not "perfecting the record that Petitioner was only responsible for 500 grams of methamphetamine." (Doc. 224 at 2). He did not explain why this was so, and he did not identify any prejudice from the failure, even after the government pointed out the omission. (Doc. 227 at 8-9). The Magistrate Judge correctly ruled that this claim was due to be denied for failure to allege or establish prejudice from counsel's performance. (Doc. 231 at 6).

In his objections to the R&R, the petitioner argues that the Court was precluded by *Booker* from finding more than 500 grams because this is the only amount to which he admitted, and he extrapolates that counsel was ineffective in failing to point this out to the Court. The petitioner says he was prejudiced by counsel's performance because, but for it, his maximum sentence, by statute, would have been 120 months. (Doc. 242 at 10-12).[2]

The threshold problem with the petitioner's argument is that it is brand new; before the Magistrate Judge, he neither invoked *Booker* nor alleged prejudice. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287,

---

[2] At sentencing, the Court found that the amount of methamphetamine for which the petitioner should be held responsible exceeded 1,500 grams. Under the Sentencing Guidelines, this amount translates into a base offense level of 38. The petitioner's 292-month sentence reflected this base offense level and so was based in part on the finding of over 1,500 grams.

[2]

1292 (11th Cir. 2009).[3] The Eleventh Circuit noted the inefficiency and gamesmanship that any other rule would encourage. *Id*. at 1291-92. While an adequate explanation for his tardy assertion of this argument might persuade the Court to consider it, the petitioner offers none.

At any rate, the petitioner's untimely argument is meritless. *Booker* holds only that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence *exceeding the maximum authorized by the facts established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005) (emphasis added). The petitioner pleaded guilty to a conspiracy whose object was at least 500 grams of methamphetamine. At the Rule 11 hearing, the petitioner admitted that the object of the conspiracy was at least 500 grams, (Doc. 140 at 14), and he now concedes he "admitted to 500 grams." (Doc. 242 at 11).

The statutory range of penalty for a conspiracy involving 500 grams or more of methamphetamine is ten years to life. 21 U.S.C. § 841(b)(a)(A)(vii). Thus, the maximum sentence authorized by the facts established by the petitioner's guilty plea was life; because the petitioner's sentence of 292 months did not exceed life, *Booker* is not implicated, and the quantity of drugs involved was properly established by the Court by a preponderance of the evidence and not by a jury beyond a reasonable doubt. *United States v. Duncan*, 400 F.3d 1297, 1303-04 (11th Cir. 2005). Similarly, the petitioner's untimely assertion of prejudice fails because the statutory maximum sentence for a conspiracy involving 500 grams of methamphetamine (to which he admitted) is not ten years, as he believes, but life.

"[I]it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.

---

[3] This rule applies to petitioners who first raise arguments in objection to the R&R. *Id*.

1994). The petitioner's argument is meritless, and counsel could not have rendered ineffective assistance by failing to raise it.

**B. Factual Basis for Plea.**

Before the Magistrate Judge, the petitioner argued, in conclusory terms, that counsel was ineffective because he articulated "[n]o objections during the Rule 11 hearing challenging the factual basis." (Doc. 224 at 2). He provided no specifics or other information in support of this conclusory statement. The petitioner now says that the evidence presented at the Rule 11 hearing showed only a buyer-seller relationship, not membership in a conspiracy, and that counsel should have pointed this out to the Court. (Doc. 242 at 8-10).

Because the petitioner made no such argument before the Magistrate Judge, and because he has offered no reason why the Court should excuse his omission, the Court in its discretion declines to entertain his tardy argument. At any rate, it is patently wrong.

"[T]he existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement …" *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005) (internal quotes omitted). When the defendant merely receives "small amounts" of drugs from a supplier "and there [is] no evidence that the defendant turned around and sold this [drug] or performed any errands or collections for his supplier or otherwise assisted the ongoing 'business,'" there is only a buyer-seller arrangement. *United States v. Dekle*, 165 F.3d 826, 830 (11th Cir. 1999). However, "an agreement to distribute drugs may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to [a] purchaser." *Thompson*, 422 F.3d at 1292.

The factual summary rendered by the government at the Rule 11 hearing included, among other items: (1) the petitioner sold ice for one Quang Nguyen; (2) the petitioner drove co-defendant Oxner to multiple drug deals, knowing that co-defendant Xaysana was Oxner's supplier; (3) the petitioner traveled to Atlanta on multiple occasions to

[4]

purchase ice from his supplier in quantities of three ounces or more; (4) and the petitioner was repeatedly seen in possession of more than an ounce of ice at a time. (Doc. 140 at 15-24). This evidence that the petitioner repeatedly possessed large amounts of ice beyond that involved in personal use; that he bought large quantities of ice in Atlanta, also inconsistent with personal use; that he sold ice for a local dealer; and that he ferried another dealer to multiple deals, all plainly show that the petitioner's involvement went far beyond that of a simple purchaser for personal consumption. His buyer-seller argument is bogus, and counsel could not have been ineffective in failing to argue that the government's evidence was insufficient to show his membership in a conspiracy.

Moreover, the petitioner presents an ineffective assistance claim, yet he does not assert that he would not have pleaded guilty had counsel argued that he was a mere buyer for personal consumption. That failure is independently fatal to his untimely argument.[4]

### C. Substantial Assistance.

Beyond a conclusory complaint that counsel did not argue or perfect the record concerning the petitioner's substantial assistance, (Doc. 224 at 2), the motion to vacate and two memoranda are silent, and the Magistrate Judge correctly ruled that the petitioner could not prevail, given his failure to demonstrate that he had in fact substantially assisted the government. (Doc. 231 at 6).

In his objection to the R&R, the petitioner attempts to rectify this deficiency, citing testimony (presented by the government at the sentencing hearing) to establish his

---

[4] Embedded in the petitioner's "factual basis" argument is an assertion that the "conspiracy charge was [not] adequately explained to petitioner by the court personally as required by Rule 11(f) [sic]." (Doc. 242 at 9). Nothing remotely resembling this argument was made to the Magistrate Judge, and the Court will not consider it now. It is, however, facially meritless, as the Court explained the conspiracy charge in language substantively indistinguishable from that approved by the Eleventh Circuit. (Doc. 140 at 12-14). *United States v. Cesal*, 391 F.3d 1178-79 & 1178 n.1 (11th Cir. 2004), *vacated and remanded on other grounds*, 545 U.S. 1101 (2005), *opinion reinstated*, 2005 WL 1635303 (11th Cir. 2005).

substantial assistance and arguing that counsel should have moved for a downward departure based on his substantial assistance. (Doc. 242 at 12-13). Because the petitioner did not express this argument to the Magistrate Judge, the Court is not required to consider it. Especially since the petitioner failed to correct the problem even after the government noted that the absence of evidence of substantial assistance doomed the petitioner's challenge, (Doc. 227 at 10), the Court is not inclined to consider his untimely proffer.

But the petitioner's argument fails for other reasons as well. First, the testimony to which the petitioner cites shows only that he provided certain information to local law enforcement; it does not show that this information constituted "substantial assistance." On the contrary, the witness could not say whether law enforcement used information from the petitioner in obtaining search warrants. (Doc. 123 at 61).

Second, "a motion from the government is required before a district court may depart downward from the guideline range on the basis of substantial assistance." *United States v. Taylor*, 164 Fed. Appx. 934, 937 (11th Cir. 2006).[5] The sentence imposed by the Court was the low end of the guideline range, and the government filed no motion to depart downward from it. Thus, no reduction for substantial assistance was possible, and it would have been futile for counsel to argue otherwise. Again, counsel cannot be ineffective by failing to raise a meritless argument.

**D. Failure to Investigate.**

In his motion to vacate, memorandum in support, and reply memorandum, the sum total devoted to this ground of relief is the conclusory statement that counsel "[f]ailed to properly investigate the case." (Doc. 224 at 2). The Magistrate Judge correctly ruled that

---

[5] Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, and Rule 35(b) all explicitly require a government motion.

the petitioner's failure to offer or support any specifics beyond this raw conclusion defeated his claim. (Doc. 231 at 7).

In his objection to the R&R, the petitioner again seeks to provide that which he previously omitted. He asserts that counsel: (a) filed no motion for discovery material; (b) filed no motion to suppress drugs or statements; (c) did not interview the government's witnesses; and (d) did not obtain defense witnesses. (Doc. 242 at 2-3, 4, 6). Yet again the petitioner opposes the R&R by making and supporting arguments he elected not to make and support before the Magistrate Judge. Again, he offers no reason the Court should embrace the inefficiency and game-playing such an approach entails, and the Court declines to do so.[6]

Even now, the petitioner has shown no deficient performance by counsel. No motion for discovery material was necessary, because the government is always required to unilaterally disclose a wide range of material, Local Rule 16.13, and the petitioner does not assert either that the government failed to comply with this rule or that any useful material was therefore unknown to the defense. Nor has he suggested any grounds for suppressing contraband or his statements, including the two incriminating statements he voluntarily gave to local law enforcement in May 2005 and October 2007 before his arrest. (Doc. 123 at 48-55).

Likewise, the petitioner has not identified what, if anything, helpful that counsel would have learned from interviewing government witnesses (primarily his indicted co-conspirators), or what defense witnesses could have existed. "The reasonableness of counsel's investigation decisions must be viewed in light of information provided by the defendant." *United States v. Yizar*, 956 F.2d 230, 232 (11th Cir. 1992). Despite the general implausibility of a defendant exonerating another defendant, in a particular case a

---

[6] The petitioner suggests his belated effort to support his claim should be viewed as an amendment of the claim under Rule 15. (Doc. 242 at 2). Perhaps it should, but by failing to present his argument until after the R&R issued, the petitioner forfeited any right to have the argument considered, amendment or no.

[7]

client might alert counsel that the co-defendant could offer exculpatory testimony, as occurred in *Yizar*. *Id*. at 232. Here, the petitioner does not claim that he ever suggested to trial counsel that his indicted co-conspirators could vouch for his innocence. Nor has he identified anyone that he pointed out to counsel as a potential defense witness; indeed, he has not suggested that any such person exists.

In addition, the petitioner has not shown prejudice from counsel's alleged failure to investigate.[7] What he must show is that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner says these magic words, (Doc. 242 at 5), but the inquiry is not that simple.

"[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id*. In order to show prejudice, then, the petitioner must identify evidence that counsel failed to discover, so that the Court may assess the significance of the evidence. As noted above, the petitioner identifies no such evidence, and he therefore cannot show prejudice.[8]

---

[7] No presumption of prejudice arises from a failure to investigate. *Gaedtke v. Secretary, Department of Corrections*, 369 Fed. Appx. 12, 18 (11th Cir. 2010).

[8] It would have to be some pretty impressive evidence, given the powerful case against the petitioner. *See id*. (prejudice from a failure to investigate must be measured in light of the strength of the known evidence against the defendant). In addition to the statements of others, the petitioner himself gave two incriminating statements and, as the Eleventh Circuit has noted, he "admitted to methamphetamine amounts adding up to 1721.5 grams." (Doc. 191 at 6).

[8]

**E. Evidentiary Hearing.**

The petitioner requests an evidentiary hearing. (Doc. 242 at 1, 7). "Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

- Where the petitioner's claim is "patently frivolous," *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989);
- Where the claim is "based upon unsupported generalizations," *id.*;
- Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002);
- Where the facts alleged are not "reasonably specific [and] non-conclusory," *id.* at 714-15;
- "[W]here the petitioner's allegations are affirmatively contradicted by the record," *id.* at 715;
- Where the petitioner's version of the facts has already been accepted as true, *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and
- Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).

As is evident from the Court's discussion above, the petitioner's claims are subject to one or more of these exceptions. Accordingly, the petitioner is not entitled to an evidentiary hearing.

## CONCLUSION

After due and proper consideration of all portions of the file relevant to the issues raised, and a de novo determination of those portions of the R&R to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as supplemented by the foregoing material, is **adopted** as the opinion of the Court. The motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 15th day of September, 2010.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE