IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NOULN SOUN,                          :

    Petitioner,                 :
                                                        CIVIL ACTION 09-0261-WS-M
v.                                   :
                                                        CRIMINAL ACTION 07-00298-WS-M
UNITED STATES OF AMERICA,            :

    Respondent.                 :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(2), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3) (Doc. 252). For the reasons set out below, it is recommended that Petitioner's Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(2) be denied.

Nouln Soun, a prisoner in custody serving a sentence imposed in this Court, pled guilty on January 23, 2008, to conspiracy to possess and distribute more than 500 grams of a mixture containing methamphetamine (Doc. 74) and, on April 25, 2008, was sentenced to a term of imprisonment of 292 months (Doc. 98). Soun appealed his conviction (Doc. 96) which was affirmed by the Eleventh Circuit Court of Appeals (Doc. 191).

On May 11, 2009, Soun filed a "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Motion under Title 28 U.S.C. § 225" (Docs. 223-24). Subsequently, a Report and

Recommendation was entered recommending the denial of the Motion (Doc. 231), which was affirmed, in a *de novo* opinion on September 16, 2010 (Doc. 245). Judgment was entered on that same date (Doc. 246). On December 6, 2010, Petitioner filed the pending Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(2), in which he seeks permission to appeal the Court's September 16, 2010 Order Adopting the Report and Recommendation (Doc. 245).

To appeal a district court's final order in a proceeding brought under 28 U.S.C. § 2255, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed.R.App.P. 22(b). Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To make a "substantial showing of the denial of a constitutional right," a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Anderson v. Sec'y for the Dep't of Corr.*, 462 F.3d 1319, 1323 (11th Cir. 2006)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), in turn quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)(alteration in original).

In his Motion, Petitioner raises claims previously raised in his Motion to Vacate as well as claims not raised until now (Doc.

252).  Soun has not, however, shown that reasonable jurists would disagree with the Court's decision on any of the issues already addressed.  Furthermore, Petitioner has not provided any reason as to why the Court of Appeals should consider claims not previously raised; this Court knows of none.  The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right which warrants the issuance of the requested certificate.

In conclusion, it is recommended that Petitioner's Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(2) be denied.  Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection.  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.").  The Clerk is therefore DIRECTED to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 10th day of December, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE